[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14839
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00120-SCJ-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEFON CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 11, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Stefon Clark appeals his 41-month total sentence imposed after he pleaded guilty to conspiracy to commit bank fraud and 7 counts of bank fraud.  He argues that the district court clearly erred by applying a 14-level sentence enhancement based on the loss amount, because its determination of the loss amount was not supported by reliable and specific evidence.  He further argues that he should have only been held accountable for the losses attributable to his own actions and that the loss amount should have been based on the amount actually withdrawn, not the face value of the fraudulent checks deposited in the scheme.  He also argues that the district court clearly erred by applying a four-level leadership-role enhancement because he did not exercise authority over the other people in the conspiracy.  Upon review of the record and the parties' briefs, we affirm.

## I.

We review a district court's determination of a loss amount for clear error. *United States v. Campbell*, 765 F.3d 1291, 1301 (11th Cir. 2014).  Because the sentencing judge is in a unique position to assess the evidence and estimate the loss, the court's loss determination is entitled to appropriate deference.  U.S.S.G. § 2B1.1, comment. (n.3(C)).

A 14-level sentence enhancement applies to theft crimes where the loss is more than $550,000 but not more than $1,500,000.  U.S.S.G. § 2B1.1(b)(1).  Loss is the greater of actual loss or intended loss.  *Id.* § 2B1.1, comment. (n.3(A)).

2

Intended loss includes intended pecuniary harm that would have been impossible or unlikely to occur. *Id.* § 2B1.1, comment. (n.3(A)(ii)). The court need only make a reasonable estimate of the loss. *Id.* § 2B1.1, comment. (n.3(C)). Loss can include reasonably foreseeable losses caused by co-conspirators. *Campbell*, 765 F.3d at 1302.

The government must prove the facts underlying a proposed sentence by a preponderance of the evidence and must support its loss calculation with reliable and specific evidence. *Id.* at 1304. However, this requirement does not demand that the government and the court sift through years of bank records and receipts to ascertain itemized proof of every single transaction that is a loss to the victim. *Id.* We have concluded that a district court's loss-amount determination was based on reliable and specific evidence where it was based on a spreadsheet identifying fraudulent transactions prepared by the government and testimony from a law-enforcement agent explaining how the spreadsheet was created. *United States v. Cobb*, 842 F.3d 1213, 1219 (11th Cir. 2016).

In a similar scheme, we held that a sentencing court did not clearly err by relying on the total amount of the fraudulent checks deposited to determine the intended loss amount, even though the whole amount was not withdrawn. *United States v. Chukwura*, 5 F.3d 1420, 1425 (11th Cir. 1993).

3

Here, the district court did not clearly err by determining that the 14-level enhancement applied. The district court did not clearly err by finding that the intended loss amount was $1,172,191.91, because the total amount deposited was the appropriate measure of intended loss. *Chukwura*, 5 F.3d at 1425. The government met its burden of proving the loss amount by reliable and specific evidence by presenting the loss spreadsheets from the three banks and Ryskoski's detailed testimony that showed how the banks linked each transaction listed on the spreadsheet to either Clark, Curry, or Johnson by identifying accounts from which they had written fraudulent checks. *Cobb*, 842 F.3d at 1219. The district court correctly held Clark accountable for the loss amounts attributable to his co-conspirators, because even if he was unaware of specific transactions, it was reasonably foreseeable that they would carry out their own transactions after Clark showed them how to do it. *Campbell*, 765 F.3d at 1302. The district court therefore did not clearly err by applying a 14-level enhancement under U.S.S.G. § 2B1.1(b)(1).

## II.

We review a district court's determination that a defendant is subject to a § 3B1.1 role enhancement as an organizer or leader for clear error. *United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009).

4

A district court must increase a defendant's offense level by four levels if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. *Id.*; U.S.S.G. § 3B1.1(a). We consider seven explanatory factors listed in the Application Notes to evaluate a leadership role: (1) exercise of decision-making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. *Martinez*, 584 F.3d at 1026; U.S.S.G. § 3B1.1, comment. (n.4). Not all of the factors need to be present in any one case, but the enhancement requires the exercise of at least some authority and the exertion of some degree of control, influence, or leadership. *Martinez*, 584 F.3d at 1026.

We have held that a district court did not clearly err by finding that a college student who had developed a plan to fraudulently change his grades and those of his sister and friends was a leader or organizer of the criminal activity. *United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011) (analyzing an enhancement under § 3B1.1(c) based on the district court's finding that the defendant played a leadership role). Although that case involved a group of students conducting a loosely coordinated offense without a hierarchy, in which no

student worked for another or acted as a person subject to the orders of others, we stated that evidence that the defendant developed the plan, solicited co-conspirators, instructed co-conspirators on how to carry out the plan, and convinced a co-conspirator to continue with the plan supported the finding that he was a leader. *Id.*

We must give due regard to the opportunity of the district court to judge the credibility of the witnesses. *United States v. Jenkins*, 901 F.2d 1075, 1083 (11th Cir. 1990). A district court may rely on reliable hearsay evidence to support a role enhancement. *United States v. Gordon*, 231 F.3d 750, 759 (11th Cir. 2000).

Here, the district court did not clearly err by finding that Clark was a leader or organizer of the conspiracy. The district court did not err by relying in part on Ryskoski's testimony about Curry's hearsay statements, which may be considered in a sentencing hearing. *Gordon*, 231 F.3d at 759. Though not all of the factors supported a four-level leadership role enhancement, the evidence overall supported the district court's finding that Clark exercised some authority and exerted some degree of control, influence, and leadership. *Martinez*, 584 F.3d at 1026. Clark's argument that the three co-conspirators were equal participants, without a hierarchy, does not mean that he was not a leader or organizer. Ryskoski's testimony and Clark's admissions showed that Clark taught the other co-conspirators how to carry out the scheme and gave specific instructions to them.

*Barrington*, 648 F.3d at 1200.  Though Clark argues that Ryskoski's testimony was unsubstantiated, the district court apparently found him credible, and we must give due regard to the district court's opportunity to assess his credibility.  *Jenkins*, 901 F.2d at 1083.  The district court therefore did not clearly err by applying the four-level enhancement.

    **AFFIRMED.**